**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10318 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00182-AWI-BAM-1 |
| v. | |
| VALENTIN QUINTERO AISPURO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted September 13, 2016[**]
San Francisco, California

Before: W. FLETCHER, CHRISTEN, and FRIEDLAND, Circuit Judges.

Defendant-Appellant Valentin Quintero-Aispuro ("Aispuro") appeals the

district court's denial of his motion to suppress evidence found at one of his

residences—a home on Martinho Avenue (the "Martinho" address).   Aispuro

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

argues that the search warrant for the residence was unsupported by probable cause. We affirm.

"A search warrant is supported by probable cause if the issuing judge finds that, 'given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Underwood*, 725 F.3d 1076, 1081 (9th Cir. 2013) (quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983)). The relevant inquiry is whether the issuing judge had a "substantial basis" for concluding that probable cause existed. *Id.* (quoting *Gates*, 462 U.S. at 238-39).

As reflected in the police officer affidavit that was used to seek a search warrant for the Martinho residence, a reliable confidential informant had told police that Aispuro was dealing drugs out of an address on Vetter Street, but that he had a second home on Martinho Avenue, where he kept the profits. That officer also observed activity consistent with drug dealing at the Vetter address and observed Aispuro at the Vetter address and his vehicle at the Martinho address. In addition, when Aispuro was pulled over for a vehicle code violation, Aispuro stated that he lived at the Martinho address.

This court has "recognized that in narcotics cases 'evidence is likely to be found where the dealers live.'" *United States v. Chavez-Miranda*, 306 F.3d 973, 978 (9th Cir. 2002) (quoting *United States v. Angulo–Lopez,* 791 F.2d 1394, 1399

(9th Cir. 1986)). Here, there was "a 'reasonable nexus' between the contraband sought and the residence . . . . [because] it would be reasonable to seek the evidence there." *Id.* (quoting *United States v. Rodriguez,* 869 F.2d 479, 484 (9th Cir. 1989)). That Aispuro lived at the Martinho address, along with the information contained in the affidavit, was enough for the issuing judge to reasonably infer that evidence was likely to be found at the Martinho address. *See Angulo-Lopez*, 791 F.2d at 1399.

Even if the warrant was unsupported by probable cause, the good-faith exception to the exclusionary rule would apply here because the "evidence [was] obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate." *United States v. Leon*, 468 U.S. 897, 900 (1984). Aispuro argues that the "the affidavit upon which the warrant is based is so lacking in indicia of probable cause that no reasonable officer could rely upon it in good faith." *United States v. Crews*, 502 F.3d 1130, 1136 (9th Cir. 2007). But, for the same reasons explained above, the totality of the circumstances in this case provided sufficient indicia of probable cause that a reasonable officer could rely on the warrant in good faith.

AFFIRMED.

3